IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JAMES JIM BROWN,** : Ninth Cir. No. 09-56675

    *Plaintiff-Appellant*, :

:

    -against- :

                                   **MOTION FOR LEAVE TO**
**ELECTRONIC ARTS, INC.,** : **FILE AMICUS BRIEF**

    *Defendant-Appellee* :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION FOR LEAVE TO FILE A BRIEF *AMICUS CURIAE*
IN SUPPORT OF APPELLEE BY ADVANCE PUBLICATIONS,
A&E TELEVISION NETWORKS, ALLIED DAILY NEWSPAPERS OF
WASHINGTON, ASSOCIATION OF AMERICAN PUBLISHERS,
ACTIVISION, CALIFORNIA NEWSPAPER PUBLISHERS
ASSOCIATION, CAPCOM USA, COMIC BOOK LEGAL DEFENSE
FUND, E! ENTERTAINMENT TELEVISION, ESPN, FIRST
AMENDMENT COALITION, FIRST AMENDMENT PROJECT,
FREEDOM COMMUNICATIONS, THE GANNETT COMPANY,
GAWKER MEDIA, HYBRID FILMS, ITV STUDIOS, KONAMI DIGITAL
ENTERTAINMENT, THE LOS ANGELES TIMES, THE MCCLATCHY
COMPANY, NAMCO BANDAI GAMES AMERICA, ORIGINAL
PRODUCTIONS, THE PRESS-ENTERPRISE COMPANY, RADIO
TELEVISION DIGITAL NEWS ASSOCIATION, SIRENS MEDIA, TAKE
TWO INTERACTIVE SOFTWARE, THQ, VIACOM, THE WASHINGTON
NEWSPAPER PUBLISHERS ASSOCIATION, AND WENNER MEDIA**

                                          Nathan Siegel
                                          Lee Levine
                                          LEVINE SULLIVAN KOCH & SCHULZ, LLP
                                          1050 17th St., N.W., Suite 800
                                          Washington, D.C. 20036
                                          202-508-1100

                                          *Attorneys for Proposed Amici*

Advance Publications, A&E Television Networks, Allied Daily Newspapers of Washington, Association of American Publishers, Activision, California Newspaper Publishers Association, Capcom USA, Comic Book Legal Defense Fund, E! Entertainment Television, ESPN, First Amendment Coalition, First Amendment Project, Freedom Communications, The Gannett Company, Gawker Media, Hybrid Films, ITV Studios, Konami Digital Entertainment, The Los Angeles Times, The McClatchy Company, Namco Bandai Games America, Original Productions, The Press-Enterprise Company, Radio Television Digital News Association, Sirens Media, Take Two Interactive Software, THQ, Viacom, The Washington Newspaper Publishers Association, and Wenner Media[1] respectfully move this Court, pursuant to Federal Rule of Appellate Procedure 29(a), for permission to a file a brief *amicus curiae* in support of Appellee Electronic Arts, Inc.

1. Proposed *amici* are companies that create and disseminate a wide variety expressive content, along with non-profit organizations and trade groups whose members are content creators. Proposed *amici* gather and report news; produce and develop films and television programs; write fiction and non-fiction;

---

[1] Corporate disclosure as well as other identifying information about each of the proposed *amici* is provided at pages vi – xviii of the accompanying proposed *amicus* brief.

draw comics; run websites with informational, educational and entertainment content; and create video and online games of all stripes, among other things.

2. This appeal raises issues closely related to those raised in *Keller v. Electronic Arts, Inc.* (9th Cir., Case No. 10-15387) ("*Keller*"). Both this appeal and the *Keller* appeal address the relationship between the First Amendment and alleged rights of personalities to control the use of their name and likeness in works that constitute expressive speech. This appeal principally concerns the assertion of such rights pursuant to the Lanham Act, while *Keller* concerns state-law rights of publicity. A central argument made by the proposed amicus brief is that trademark law and the right of publicity are related and a similar test should be applied to each theory. Indeed, when these cases were litigated in separate district courts, Mr. Brown filed a motion for leave to file an amicus brief in the *Keller* case.

3. Based on the similarities of the two cases, the Appellant here moved to assign *Keller* and this case to the same panel for consideration of the merits, and the Court granted the motion. (Dkt. No. 21.)

4. These proposed *amici* have sought leave to file a materially identical version of the accompanying *amicus* brief in *Keller*. The accompanying amicus brief addresses issues pertinent to both cases, and specifically addresses this appeal, and arguments made in the district court by Appellant, in the brief.

Because the two cases are not, as a procedural matter, consolidated for all purposes and the briefing schedules in the two cases are different, *amici* are filing this motion for to leave to file their amicus brief in this case as well, so that the panel may consider the brief with respect to both cases. Therefore, the only difference between this amicus brief and the one these *amici* submitted in *Keller* is that it has been modified slightly, where appropriate, to reflect that it is being filed in this appeal. *Amici* also believed that submitting one brief that addresses both cases would be both more efficient for the panel and more accurately reflect their broader interest in these two cases than submitting two separate briefs.[2]

    5.    Proposed *amici* have carefully reviewed the arguments made in the brief on the merits filed by the Appellee. The points made regarding the legal issues presented by this case, and the perspectives offered, do not duplicate the merits brief. This brief focuses on offering the Court a broader perspective on the relationship between the right of publicity, the Lanham Act, intellectual property law, and the First Amendment, and does not attempt to address each argument raised by the parties on the merits. In addition, this brief addresses some of the practical concerns *amici* have about the appropriate relationship between intellectual property law and the right of publicity and provides an overview and

---

[2] Proposed *amici* note that alternatively they would have no objection to the panel's treating the brief they submitted in *Keller* for purposes of both cases.

3

analysis of efforts to reconcile the right of publicity, the Lanham Act and the First Amendment in this and other jurisdictions.

6. Undersigned counsel for the proposed *amici* sought the consent of Appellant to file this brief without need for leave of court, which was not granted.

Accordingly, proposed *amici* respectfully request this Court to grant leave to file their accompanying Brief *Amicus Curiae*.

Dated: September 27, 2010

Respectfully submitted,

 s/ Nathan Siegel
Nathan Siegel
Lee Levine
LEVINE SULLIVAN KOCH & SCHULZ, LLP
1050 17th St., N.W., Suite 800
Washington, D.C. 20036
202-508-1100

*Attorneys for Proposed Amici*

4